United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FREDDY U MARTINEZ,<br><br>　　　　Plaintiff(s),<br><br>　　v.<br><br>CITY AND COUNTY OF SAN FRANCISCO,<br><br>　　　　Defendant(s).<br>_____/ | No. C-13-04197 DMR<br><br>**ORDER REMANDING CASE TO STATE COURT AND REQUIRING PLAINTIFF'S COUNSEL TO PAY CERTAIN COSTS** |

Plaintiff Freddy Martinez has filed a motion in which he requests that the court dismiss his federal claims and remand this action to state court. Motion [Docket No. 73]. Defendant City and County of San Francisco (the "City") does not oppose Plaintiff's dismissal of his federal claims, but opposes the motion to remand. Opp. [Docket No. 76]. The court finds that this matter is appropriate for resolution without oral argument pursuant to Civil L.R. 7-1(b). For the reasons stated below, Plaintiff's federal claims are dismissed, and this court declines to exercise supplemental jurisdiction over the remaining state law claims. The court also declines the City's request that Plaintiff pay certain of the City's attorneys' fees, but orders that Plaintiff's counsel pay certain costs. The case is remanded to state court.

## I. BACKGROUND

Plaintiff originally filed this lawsuit in state court on August 7, 2013. Notice of Removal [Docket No. 1] at 7 (Complaint). Plaintiff alleges that on April 7, 2013, he was passing by a group

of men when he was shot by San Francisco Police Department officers who were firing at the group of men. Plaintiff was struck twice, including once in the spine, rendering Plaintiff permanently paralyzed below the neck. Complaint at ¶¶ 8-15. Plaintiff brings four causes of action against the City and Doe Defendants 1 through 50: (1) violation of 42 U.S.C. § 1983; (2) assault and battery; (3) negligence; and (4) intentional infliction of emotional distress.

On September 10, 2013, the City removed this matter to federal court on the basis of 28 U.S.C. § 1441(c), which permits removal of cases that include a claim arising under federal law. Notice of Removal at 2.

On December 4, 2013, the court held the initial case management conference and set case management deadlines. *See* Docket No. 17 at 1. Discovery closed on October 14, 2014. *Id.* Aside from deposing a police officer as part of discovery in a case arising from the same events,[1] Plaintiff served no discovery during the discovery period. *See* Docket No. 65 at 3. On October 29, 2014, the court held a case management conference in which the court ordered Plaintiff to respond to certain of the City's discovery requests (including requests for written discovery, deposition testimony, and an independent medical examination that Plaintiff was to appear for on November 20 or 21, 2014), and set a deadline of November 5, 2014, for Plaintiff to file a motion to amend his complaint to name a Doe Defendant (Officer Ryan Daugherty, the aforementioned officer deposed by Plaintiff). *See* Docket No. 66. Instead of filing a motion to amend to add Officer Daugherty, Plaintiff filed the instant motion, stating that "upon review of the original complaint [Plaintiff is] informed and believes that the complaint [does] not sufficiently state claims to withstand a summary judgment with respect to §1983 claims." Motion at 2.

Expert discovery closes on January 9, 2015. Aside from the pretrial conference and trial, all other deadlines in this case have passed, including the deadline for filing motions for summary judgment.

//
//

---

[1] *See Garcia v. City and County of San Francisco*, Case No. 13-cv-3295-DMR.

2

## II. LEGAL STANDARD

"If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3). However, dismissal of federal claims does not automatically deprive district courts of subject matter jurisdiction over any supplemental claims. *Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635 (2009). *See also Lacey v. Maricopa Cnty.*, 649 F.3d 1118, 1137 (9th Cir. 2011) *reh'g en banc granted,* 663 F.3d 1032 (9th Cir. 2011) and *on reh'g en banc,* 693 F.3d 896 (9th Cir. 2012). Rather, the district court retains discretion regarding whether to exercise supplemental jurisdiction over state law claims even after all federal claims are dismissed. 28 U.S.C. § 1367(c)(3) ("The district courts *may* decline to exercise supplemental jurisdiction over a claim . . . if . . . the district court has dismissed all claims over which it has original jurisdiction.") (emphasis added). "A district court's decision whether to exercise [supplemental] jurisdiction after dismissing every claim over which it had original jurisdiction is purely discretionary." *Carlsbad Tech.,* 556 U.S. at 639.

The district court's exercise of discretion to decline to exercise supplemental jurisdiction over state law claims is "informed by . . . values of economy, convenience, fairness, and comity." *Acri v. Varian Associates, Inc.*, 114 F.3d 999, 1001 *supplemented,* 121 F.3d 714 (9th Cir. 1997) (quotations omitted). "[A]ctually exercising discretion and deciding whether to decline, or to retain, supplemental jurisdiction over state law claims when any factor in [Section 1367(c)] is implicated is a responsibility that district courts are duty-bound to take seriously." *Id.* "The Supreme Court has stated, and we have often repeated, that 'in the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims.' *Carnegie-Mellon* [*Univ. v. Cohill,* 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 619 n. 7, 98 L.Ed.2d 720, 730 n. 7 (1988)]." *Id.*

## III. DISCUSSION

### A. Supplemental Jurisdiction

Because Plaintiff has withdrawn his claims under 42 U.S.C. § 1983, the only claims that remain in this matter the state law tort causes of action. The City argues that the court should retain supplemental jurisdiction over these state law claims because the parties have already litigated this

matter for over a year in federal court and the City has committed to a trial strategy, and because Plaintiff's state law tort claims are connected to federal questions. In the alternative, if the court remands the action, the City requests that the court require Plaintiff to pay a certain portion of the attorneys' fees incurred by the City.

First, the City contends that "[d]uring the last 15 months of litigation, the parties conducted a full range of discovery and resolved numerous discovery and procedural disputes with the Court's involvement, including disputes regarding the identity of plaintiff's counsel, plaintiff's invocation of the Fifth Amendment, and plaintiff's unwillingness to produce witnesses and evidence." Opp. at 3. Thus, according to the City, the court's familiarity with this case warrants its exercise of supplemental jurisdiction.

The City compares this case to *Lopez v. Contra Costa Reg'l Med. Ctr.*, No. C-12-03726-LB, 2014 WL 847369, at *14 (N.D. Cal. Feb. 28, 2014), in which Judge Beeler considered the complete factual record and granted the defendants' motion for summary judgment on the plaintiff's federal medical malpractice claim, and then exercised supplemental jurisdiction over the remaining state law medical malpractice claim. In *Lopez*, the court noted that "[t]he remaining claim does not involve novel or complicated issues of state law, the court is very familiar with the case, and a firm trial date has been set." *Id.* at * 19. However, *Lopez* is not analogous to the matter at hand. Whereas the *Lopez* court retained supplemental jurisdiction after the factual record was complete and the court had made a determination of one claim on summary judgment, here the court has not considered a motion to dismiss or a motion for summary judgment. Instead, the court's involvement in the last 15 months of litigation has been mostly supervisory; the court has held four case management conferences, *see* Docket Nos. 16, 37, 51, and 66, entered an order on a motion to substitute counsel, *see* Docket Nos. 35 and 38, and ordered Plaintiff to submit for further deposition and file a motion for protective order if he intends to assert the Fifth Amendment instead of answering deposition questions, *see* Docket Nos. 51-54. In addition, Judge Westmore has held a settlement conference, which did not result in settlement. *See* Docket No. 45. As such, this court has had limited exposure to this case and has had no opportunity to become familiar with the factual record.

Second, the City argues that resolution of Plaintiff's assault, battery, and negligence claims will reference federal questions, since to succeed on those claims, Plaintiff must show that police officers acted unreasonably under the same standard as unreasonableness under the Fourth Amendment.  However, state courts routinely handle assault, battery, and negligence claims against police officers, and the similarity between the analyses for these state law claims and federal claims does not mean that federal courts can or should exercise jurisdiction over these matters.  Indeed, many courts in this district have remanded state court tort claims against officers when the federal claims have been resolved.  *See e.g.*, *Hechavarria v. City & Cnty. of San Francisco*, No. C-10-0525-CRB, 2010 WL 3743651 (N.D. Cal. Sept. 17, 2010) *aff'd*, 463 F. App'x 632 (9th Cir. 2011) (after granting summary judgment in favor of defendants on Section 1983 claim, declining to exercise supplemental jurisdiction over remaining assault, battery, and IIED claims against parking control officer's alleged use of excessive force); *McFarland v. City of San Francisco*, No. C00-2878-MMC, 2001 WL 793298, at *1 (N.D. Cal. July 9, 2001) *rev'd on other grounds sub nom. McFarland v. City & Cnty. of San Francisco*, 44 F. App'x 155 (9th Cir. 2002) (granting defendants' motion for partial summary judgment on Section 1983 claim premised on the Fourth Amendment and declining to exercise supplemental jurisdiction over remaining state law claims); *Long v. City of San Francisco*, No. 12-CV-01424-JCS, 2013 WL 4777061, at *6 (N.D. Cal. Sept. 6, 2013) (granting defendants' motion for partial summary judgment on Section 1983 claim premised on the Fourth Amendment and declining to exercise supplemental jurisdiction over remaining state law negligence, assault, battery, and IIED claims); *Newmaker v. City of Fortuna*, No. C 12 4675 PJH, 2013 WL 6774098, at *14 (N.D. Cal. Dec. 23, 2013) (granting summary judgment as to Section 1983 excessive force claims premised on Fourth Amendment for reasons of qualified immunity, and declining to exercise supplemental jurisdiction over remaining state law negligence, battery, false arrest, and false imprisonment claims).

Finally, the City is concerned that remand would give Plaintiff the opportunity to resolve issues already resolved by this court, which would waste judicial resources and give Plaintiff another "opportunity to try and convince a court to let him proceed to trial without responding to discovery." Opp. at 3.  Furthermore, the City has disclosed its expert witnesses and expert reports,

which gives Plaintiff a "free preview" of the City's case.  However, while the court notes its concern about the lax efforts by Plaintiff's counsel during the fact discovery period, the court is confident that a state court can account for the current status of the case in shaping further discovery (if any) and the case schedule in the remanded matter.

Because the court is largely unfamiliar with the factual record and has mostly interacted with this case in a supervisory role, and because in the usual case in which all federal-law claims are eliminated before trial, the balance of factors will point toward declining to exercise jurisdiction over the remaining state-law claims, the court declines to exercise supplemental jurisdiction over Plaintiff's state law claims and remands this action to state court. *See* 28 U.S.C. § 1447 (in any case removed from a state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded.").

**B. Payment of Attorneys' Fees**

The City seeks a portion of the attorneys' fees it has incurred in litigating this case in federal court.  The City describes the fees it seeks as follows:

> The City does not seeks its fees for substantive work—investigation, depositions, and legal research—that may prove useful in defending against the state claims, but the Court should award the City its fees for having to address the myriad of issues caused by plaintiff counsel's obstruction in federal court.
>
> The City therefore seeks its costs for attending hearings, writing meet and confer letters, and otherwise attempting to work with plaintiff's counsel, which plaintiff's approach and demeanor made substantially more difficult than necessary.  Deputy City Attorneys . . . wrote plaintiff's counsel numerous meet and confer letters regarding the disputes as to proper counsel, plaintiff's invocation of the Fifth Amendment, and plaintiff's refusal to respond to discovery. In addition, the City incurred increased expenses for routine tasks because of plaintiff counsel's difficulties. The City had to doggedly pursue counsel for CMC statements, stipulations, and even a response.
>
> In addition, the City had to respond to numerous improper requests from plaintiff's counsel. For example, plaintiff continually insisted on being provided discovery without propounding it. And in one instance, plaintiff's counsel berated Deputy City Attorney Warren Metlitizky because Mr. Metlitzky would not change the facts in defendant's section of the CMC statement.

Opp. at 6.

The City moves under Federal Rule of Civil Procedure 41(a)(2) for payment of attorneys' fees under these circumstances.   Rule 41(a)(2) provides for voluntary dismissal of actions at the plaintiff's request by court order "on terms that the court considers proper."  Under Rule 41(a)(2),

6

the court may condition the plaintiff's voluntary dismissal of an action on the plaintiff's payment of the defendant's attorneys' fees. *See Westlands Water Dist. v. United States*, 100 F.3d 94, 97 (9th Cir. 1996) ("The defendants' interests can be protected by conditioning the dismissal without prejudice upon the payment of appropriate costs and attorney fees. *See* Fed.R.Civ.P. 41(a)(2) . . . . Imposition of costs and fees as a condition for dismissing without prejudice is not mandatory however. Here, if the district court decides it should condition dismissal on the payment of costs and attorney fees, the defendants should only be awarded attorney fees for work which cannot be used in any future litigation of these claims.") (citations omitted); *Stevedoring Servs. of Am. v. Armilla Int'l B.V.*, 889 F.2d 919, 922 (9th Cir. 1989) (district court did not abuse discretion by granting plaintiff voluntary dismissal and denying defendant's request for costs and attorneys fees, where district court based its decision upon consideration of legitimate factors, e.g., whether plaintiff had pursued action in good faith with a realistic chance of success, whether defense costs were undertaken unnecessarily, and whether imposition of fees might discourage future plaintiffs from seeking early dismissal).

      The City notes that it has incurred fees from having to address "the myriad of issues caused by plaintiff's counsel's obstruction in federal court." Opp. at 6; *see also* Oldfather Decl. [Docket No. 77] at ¶¶ 5-14 (describing how "plaintiff refused to respond to discovery [for months] on the grounds that he was working out a conflict as to the identity of proper counsel"; Plaintiff and his counsel failed to appear at a scheduled settlement conference with the Judge Westmore; Plaintiff responded to every one of the City's discovery requests with a blanket invocation of the Fifth Amendment; Plaintiff canceled his court-ordered deposition and independent medical examination days before they were scheduled to occur; and Plaintiff's counsel was generally difficult to reach for meeting and conferring over discovery disputes). The City calculates that its three attorneys spent approximately 100 hours and incurred $30,427.50 in fees handling the aforementioned conduct of Plaintiff and his counsel. The City also notes that it spent $750 on the independent medical examination that Plaintiff canceled at the last minute, costs which the City remains responsible for. *Id.* at ¶ 28.

7

The City's reliance on Rule 41(a)(2) is misplaced. Plaintiff is voluntarily dismissing the federal claim, but not the entire case, as the lawsuit will remain alive in state court. Here, the court is not ordering a voluntary dismissal under Rule 41(a)(2), but rather declining to exercise supplemental jurisdiction over the remaining state law claims, and therefore finding that it does not have subject matter jurisdiction and dismissing the case under 28 U.S.C. § 1447. *See* 28 U.S.C. § 1447 (in any case removed from state court, "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction, the case shall be remanded."). That statute does provide that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." Furthermore, the court has authority to issue discovery sanctions. *See* Fed. R. Civ. P. 37(d)(2) and (d)(3) (court may order party or its counsel to pay "reasonable expenses, including attorney's fees, caused by the failure" of the party to appear at its deposition, serve answers to interrogatories, produce documents, or respond to a request for inspection).

The City correctly points out that Plaintiff's counsel litigated the case poorly, undoubtedly creating headaches and wasted time for the City. If the City believed Plaintiff's counsel's actions were sanctionable, the City had the opportunity to move for sanctions under Federal Rule of Civil Procedure 37 or pursuant to the court's inherent authority. No such motion was ever made for Plaintiff's counsel's past behavior. However, the court finds that sanctions are appropriate for Plaintiff's cancellation of the independent medical examination, which occurred just before Plaintiff filed the instant remand motion, in contravention of the court's October 29 order requiring Plaintiff to submit to an independent medical examination, and for which Plaintiff has offered no excuse or explanation.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff has voluntarily withdrawn his only federal claim and the court declines to exercise supplemental jurisdiction over Plaintiff's remaining state law claims. Since there is no basis for the court's subject matter jurisdiction, the case is **remanded** to state court pursuant to 28 U.S.C. § 1447. The City's request for attorneys' fees is **denied**; however, Plaintiff's counsel shall pay the City $750 for the costs of Plaintiff's last-minute cancellation of the

independent medical examination at which the court had ordered Plaintiff to appear.  **Plaintiff's counsel (not Plaintiff) shall pay this amount to the City within 30 days of this order.**

IT IS SO ORDERED.

Dated:  December 29, 2014



_____
DONNA M. RYU
United States Magistrate Judge

9